In re Amy L. PERKINS, Debtor(s).

No. 9:08–bk–01222–ALP.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Sept. 2, 2008.

Edward R. Miller, Gregory Champeau, Richard J. Hollander, Miller & Hollander, Naples, FL, for Debtors.

## *ORDER DEFERRING RULING ON DEBTOR'S MOTION FOR SUMMARY JUDGMENT and ORDER ON UNITED STATES TRUSTEE'S MOTION TO DISMISS CHAPTER 7 CASE PURSUANT TO 11 U.S.C. § 707(b)(1) AND (b)(2), OR IN THE ALTERNATIVE, PURSUANT TO 11 U.S.C. § 707(b)(3)*

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THE MATTER under consideration in this Chapter 7 case is a Motion for Summary Judgment filed by Amy L. Perkins (Debtor) on June 9, 2008 (Doc. No. 29). In her Motion for Summary Judgment, the Debtor seeks an order denying the Motion filed by the United States Trustee (U.S.Trustee) seeking to dismiss the Debtor's Chapter 7 case based on 11 U.S.C. 707(b)(1) and (b)(2) or, in the alternative, pursuant to 11 U.S.C.707(b)(3) (Doc. No.

24). It is the U.S. Trustee's contention that the Debtor's Chapter 7 case should be dismissed based on the presumption of abuse pursuant to Section 707(b) of the Bankruptcy Code. It is the Debtor's position that the undisputed facts warrant denying the U.S. Trustee's Motion to Dismiss since the relief sought by the Debtor under Chapter 7 was not an abuse pursuant to either section relied on by the U.S. Trustee.

In her Motion, the Debtor contends that there are no genuine issues of material fact and, based on the same, she is entitled to summary judgment as a matter of law.

The facts as they appear from the record are without dispute and can be summarized as follows:

The Debtor filed her Petition for Relief under Chapter 7 of the Bankruptcy Code on January 31, 2008. On March 31, 2008, the U.S. Trustee filed its Notice of Statement of Presumed Abuse Under 11 U.S.C. § 707(b)(2). On April 21, 2008, the Chapter 7 Trustee, Diane L. Jensen filed the Trustee's Report of No Distribution to Creditors in this Chapter 7 Case of the Debtor.

The Debtor's Schedule I disclosed her projected monthly income as follows. Line 7, "Regular income from operation of business or profession or farm" $150.00 a month; and line 10, "Alimony, maintenance or support payments . . ." the Debtor noted the sum of $8,000.00. In addition, line 17 of Schedule I, specifically requests that a debtor respond to the following question: "Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of the document." The Debtor in response to the question answered as follows: "Beginning in August 2008 the Debtor will no longer be receiving any alimony whatsoever, thereby decreasing her income by $8,000 per month." According to the Debtor, once the termination of alimony occurs, the Debtor's self-employed income will be substantially less than the applicable median income for a family of one as of the date of filing the Petition for Relief, which is $38,927.00.

Based on the foregoing, the Debtor contends that she rebutted the "presumption of abuse" based on, "special circumstances that justified additional expenses or adjustment of current monthly income for which there was no reasonable alternative." Relying on the provision of "special circumstances" set forth in 11 U.S.C. § 707(b)(2)(B)(ii), the Debtor was required to itemize each additional expense or adjustment to income. This section of the Code requires that a debtor provide, "(I) documentation of such expense of or adjustment to income; and detailed explanation of special circumstances that make such expenses or adjustment to income necessary and reasonable." Lastly, Section 707(b)(2)(B)(iii) requires that "[t]he Debtor shall attest under oath to the accuracy of any information provided to demonstrate that additional expenses or adjustment to income are required."

In opposition of the Debtor's Motion for Summary Judgment, the U.S. Trustee filed an extensive brief. The U.S. Trustee argues that the Debtor's Motion for Summary Judgment should not be granted because there are genuine issues of material facts regarding the termination of the Debtor's alimony payments in August 2008. The U.S. Trustee's argument relies on the fact that the Debtor's reduction in income is of the type that is anticipated by the term "special circumstances." Furthermore, the U.S. Trustee contends that the Debtor has not established that she has no other reasonable alternative income available to her to replace the lost alimony.

The U.S. Trustee heavily relies on the fact that the Debtor on the date of the filing her Petition for Relief pursuant to Chapter 7 of the Bankruptcy Code, received the amount of $8,000.00 per month for alimony. In addition, the U.S. Trustee contends that after reviewing the materials and the documents provided by the Debtor, her Schedules D, E and F, together with her Statement of Financial Affairs indicate, first, that the Debtor's primary obligations are consumer debts. Secondly, the Debtor's secured debts consist of $1,289,250.00, which represents a total of six (6) first and second mortgage loans on a house and a condominium in Naples, Florida, as well as a condominium in Tampa, Florida, and, furthermore, a lien for association fees due on the condominium located in Tampa, Florida. In addition, The U.S. Trustee points out that the Debtor scheduled $5,348.00 of taxes due to the Internal Revenue Service and that the Debtor's unsecured non-priority debts totaled $56,047.00.

The property located in Naples, Florida, which is claimed as the Debtor's homestead, was valued at $393,610.00. The Debtor's one-half interest in the condominium in Naples, Florida, is valued at $165,085.00. The condominium located in Tampa, Florida is valued at $281,191.00. The Debtor's Schedule B indicates that the Debtor's personal property is valued at $5,852.00. The Debtor's personal property scheduled includes cash in the bank, household goods, wearing apparel, life insurance policies, alimony, her interior decorating license, a computer, and a personal pet.

In support of her Motion, the Debtor filed an Affidavit Pursuant to 11 U.S.C. § 707(b)(2)(iii). Attached to the Debtor's Affidavit is a Final Decree of Divorce (Final Decree) in the case of *Jon Jeffrey Waddell v. Amy Lee Waddell*, Case No. CI–002927–03, Div. 2, filed In the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis. The Final Decree reveals that the parties entered into a Martial Settlement Agreement (Agreement) (Doc. No. 34). The Tennessee court found that the parties had no minor children and the parties agreed to a division of the jointly owned real estate. Based on the Agreement between the parties, the court granted the Final Decree and granted Mr. Waddell an absolute divorce from the Debtor. Both the Debtor and Mr. Waddell were restored all rights and privileges of an unmarried person.

According to the Agreement, the Debtor was to "receive periodic alimony of $4,625.00 per month for a period of sixty (60) months...." Alimony payments were to begin August 20, 2003, the date the Final Decree was entered. In addition to the $4,625.00, the Debtor was also to "receive periodic payments of $3,400.00 per month as part of the division of property ... for a period of sixty (60) months." Thus, the Debtor was to receive $8,025.00 per month for sixty (60) months upon the entry of the Final Decree and the payments were scheduled to cease in August 2008.

In her Affidavit, the Debtor states that on January 31, 2008, the date she filed her Petition for Relief, she received the sum of $8,000.00 per month in alimony payments pursuant to the Final Decree entered by the Tennessee court on August 20, 2003. Furthermore, pursuant to the Final Decree, all alimony payments cease as of August 2008, and the Debtor would not receive any additional payments from this date forward. Therefore, all payment of alimony would be terminated pursuant to the Final Decree. In addition to the above, the Debtor contends that she is a business Debtor and not a consumer Debtor.

Considering the Motion for Summary Judgment, this Court is satisfied that it should only be granted when the moving party has proven that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Issues of fact are genuine only if a reasonable jury, considering the evidence presented, could find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The facts are material if they affect the outcome of the trial under governing law. *Id.* at 248, 106 S.Ct. 2505.

The moving party has the burden of proving the absence of a genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). After the movant has met its burden, the non-moving party must come forward with specific factual evidence establishing the existence of a material factual dispute. *Gargiulo v. G.M.Sales, Inc.*, 131 F.3d 995, 999 (11th Cir.1997). "The evidence presented by a non-moving party cannot consist of conclusory allegations or legal conclusions" but instead must present specific facts showing that there is a genuine issue for trial. *Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir.1991); Fed.R.Civ.Pro. 56(e). A court must view the evidence in the light most favorable to the non-moving party. *Adickes*, 398 U.S. at 157, 90 S.Ct. 1598. If a court finds that there is a genuine issue as to ultimate facts, it is improper for the court to grant a motion for summary judgment. Fed.R.Civ.P. 56(c) as adopted by F.R.B.P. 9056. In addition, the party seeking the summary judgment has a burden to establish not only that it is entitled to a judgment based on undisputed facts but the party is entitled to a judgment as a matter of law.

■ The ultimate question as presented to this Court is whether or not the Debtor is a consumer debtor or, as the Debtor contends in her Petition for Relief, that her "[d]ebts are primarily business debts." The Petition for Relief also indicates that prior to the Debtor filing her Chapter 7 Case, the Debtor was also known as Amy L. Waddel, Amy Waddel Interiors and a/k/a Amy Perkins Waddel, Unique Perspectives.

■ The burden of this issue is clearly on the U.S. Trustee to establish with competent proof that the Debtor is subject to the provisions set forth in Section 707(b) of the Bankruptcy Code. Assuming without conceding that the record was sufficient to establish the contentions of the U.S. Trustee, this leaves for this Court's consideration whether the loss of alimony would be, as a matter of law, sufficient to deny the U.S. Trustee's Motion to Dismiss.

However, the fact that the Debtor's income will be reduced as of August 2008 due to her loss of alimony may be insufficient evidence for the Debtor to prevail, unless she can establish that the adjustment to her current income will be sufficient to establish the "special circumstance" which would justify the relief sought in a Chapter 7 case because there is no reasonable alternative available to the debtor. In addition, there are no facts in this record which shed light on the Debtor's contention that she is not a consumer debtor and, therefore, not subject to Section 707(b) of the Bankruptcy Code.

None of the authority cited by the U.S. Trustee or the Debtor furnishes scant, if any, support to answer the ultimate question of whether or not there is no reasonable alternative available to the Debtor to supplement the income remaining after the loss of alimony. There is no question that the pre-Petition conduct of the Debtor was

less than modest. The Debtor's ownership of several financial interests in real estate while she had the benefit of the alimony was quite substantial. However, it is clear that all her interest will be surrendered and, therefore, the amount of her financial interest in her real estate investments is no longer of any consequence.

However, this record is devoid of any evidence that indicates that the Debtor is unable to obtain gainful employment based on her educational background and experience, both of which would be required to establish the "special circumstance" which would justify the relief sought in a Chapter 7 case because there is no reasonable alternative available to the debtor.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the ruling on Debtor's Motion for Summary Judgment (Doc. No.20) be, and the same is hereby, deferred pending the resolution of the final evidentiary hearing on the Trustee's Motion to Dismiss. It is further

ORDERED, ADJUDGED AND DE-CREED that a pretrial conference shall be held on *September 18,* 2008, beginning at *10:00 a.m.* at the United States Bankruptcy Courthouse, Fort Myers, Federal Building and Federal Courthouse, Room 4–117, Courtroom E, 2110 First Street, Fort Myers, Florida, on the U.S. Trustee's Motion to Dismiss.